UNITED STATES of America, Appellee,

v.

Cornelius FRANKLIN, a/k/a
Rick, Appellant.

No. 84–1702.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1984.

Decided Nov. 8, 1984.

David Nissenholtz, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty. and Larry Hale, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Cornelius Franklin appeals from an order of the district court[1] entered upon a jury verdict finding him guilty of two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). We affirm.

On appeal Franklin contends that the district court erred in admitting into evidence tape recordings of telephone conversations between Franklin and Brenda Williams, an informant, because of lack of an evidentiary foundation. *See United States v. McMillan,* 508 F.2d 101, 104 (8th Cir.1974) (evidentiary requirements for in-

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

troduction of tape recording), *cert. denied,* 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975). Franklin asserts there was no evidence as to the competency of the operator of the recording device and the capability of the device. This contention is without merit. The operator testified that he was competent to operate the recorder and that he had been using the recorder for five years. Furthermore, "[t]he very fact that the tape recordings exist establishes that the recording device was capable of picking up sounds and taking the conversation offered." *United States v. McCowan,* 706 F.2d 863, 865 (8th Cir.1983) (per curiam). "[T]he fact that [the operator] successfully made the tape recordings [ ] satisfies the competency requirement ...." *Id.*

■ Franklin also contends that the district court erred in allowing Williams to testify as to her understanding of certain words used by Franklin in the conversations. This point has no merit. When, as here, a witness is in a "position to know what [appellant] meant," a district court does not abuse its discretion in admitting testimony "as to her understanding of the meaning of the words used by appellant." *Wiley v. United States,* 257 F.2d 900, 908 (8th Cir.1958). In addition, we find that the probative value of the challenged testimony was not outweighed by the danger of unfair prejudice.

■ Lastly, Franklin contends that the district court erred in admitting the testimony of two government chemists because they did not have an independent recollection of the tests they performed on the cocaine. Again, this point has no merit. The chemists stated that their recollection of the testing was refreshed after pretrial review of reports they had prepared at the time of testing. A witness, prior to testifying, may refresh his recollection with a writing, provided that the requirements of FED.R.EVID. 612 are met. There is no indication in the record that those requirements were not met.

Accordingly, the judgment of the district court is affirmed.